### DEEBACH v. ROBERT GAIR CO.

(Supreme Court, Appellate Division, Second Department. March 10, 1911.)

1. MASTER AND SERVANT (§ 185*)—INJURY TO SERVANT—NEGLIGENCE OF FELLOW SERVANT.

The master is not liable where a servant in an elevator was injured by an iron pipe rolling into the elevator shaft through a door on an upper floor being left partly open by another employé; he, after opening it to call the elevator man, having given it a push not sufficient to close it, and such omission being in a mere detail of the work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 385–481; Dec. Dig. § 185.*]

2. MASTER AND SERVANT (§ 185*)—INJURY TO SERVANT—NEGLIGENCE—OMISSION TO MAKE RULES.

The work of closing an elevator door not being of a complex character, and the employé who gave it a push to close it, insufficient to do so fully, whereby an opening was left through which an iron rolled onto another employé in the elevator, having fully understood what he should have done to close it fully, the master was not liable on the ground of negligence in omitting to make rules for the closing of the door.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 385–421; Dec. Dig. § 185.*]

Thomas, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Lisette Deebach, administratrix of Charles C. Deebach, deceased, against the Robert Gair Company. From a judgment for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, and CARR, JJ.

E. Clyde Sherwood, for appellant.

Martin T. Manton and Burt L. Rich, for respondent.

JENKS, P. J. This action was submitted to the jury upon the common-law liability of master to servant for negligence. The servant in course of his work was in a lift of the master's building when he was struck and fatally injured by a piece of iron pipe that fell down the shaft of that lift. For several days and on that day the master was moving out certain heavy machinery. At the time in question his servants were moving parts of the machinery across the sixth floor to be placed on the lift. These parts were moved upon pieces of circular iron pipe, whose purpose was indicated by their name, "rollers." There is no doubt that one of these rollers, not then in immediate use, fell down the shaft and struck the intestate of the plaintiff, who was on the lift which was then at the ground floor of this building. The plaintiff contends that this roller was put in motion, so that it rolled across the floor by the vibration of the building caused by machinery working therein, while the defendant contends that one of its servants, while moving a truck and walking backwards, struck this idle roller with his foot. The version of the plaintiff rests upon conjecture; that of the defendant is supported somewhat by the testimony of that servant. And, as each floor was protected by a door that closed the shaft in completely, the casualty was due to the fact that the door was open. The usual custom of giving notice of the need of the lift was to open a door to call to the liftman.

The plaintiff's witness Geoffrey, a foreman of machinists in charge of this moving, testifies that they had moved a piece of machinery within 20 feet of the shaft when he opened the door, called for the lift, gave the door a shove, and returned to the work of moving. He also testifies that the liftman answered that he would come right away, that the lift was then between the third and fourth floors on its way down, and Geoffrey surmises that the liftman intended to answer a call from below and then to ascend. And Geoffrey also testifies that in about five minutes his attention was attracted to the elevator shaft, that he went to it to find that the door was open about halfway—some three feet—and he is nearly positive that the accident had occurred in the interval. In answer to a question by the court if one closed the door whether it would "stay closed or open of itself," Geoffrey testifies:

"Hardly; they would not open by themselves, because the rollers—they were sliding doors, and the rollers pitched down toward the closing. * * * The incline was always toward the closing; you had to push back to open it; sometimes it would stay on a three-foot jar, * * * but want a little start of the hand to close back; sometimes they wanted a good heavy pull to close them up."

Again, when asked, "What prevented the door from closing when you gave it a shove?" he answered:

"Well, maybe the weight of itself. * * * There is quite a weight on a six-foot door like that. You have to put on a pull if you want to close it altogether—put all your weight on it."

He could not swear that he closed the door. In his own language:

"I gave the door a shove, took hold of the knob, and shoved her to close her, and walked away."

There is no contention that the door was improper or defective or that Geoffrey was inefficient. The casualty was due to this failure of Geoffrey to close up the door. But this omission was in a detail of the work, and therefore the defendant was not liable therefor. Filbert v. D. & H. Canal Co., 121 N. Y. 207, 23 N. E. 1104; Geoghegan v. Atlas Steamship Co., 146 N. Y. 369, 40 N. E. 507; McCampbell v. C. S. Co., 144 N. Y. 556, 39 N. E. 637.

And I think that the learned court erred in submitting the question of liability for an omission to make rules and regulations. The work of closing this door was certainly not of a complex character, and Geoffrey shows that he fully understood what he should have done to close it fully. In Morgan v. Hudson River Ore & Iron Company, 133 N. Y. at page 670, 31 N. E. at page 236, the court say:

"Even if it could be shown, after the accident occurred, that it might have been prevented by adopting and enforcing some suitable rule, that would constitute no proper test of liability. The failure to adopt rules is not proof of negligence, unless it appears from the nature of the business in which the servant is engaged that the master, in the exercise of reasonable care, should have foreseen and anticipated the necessity of such precautions."

In Berrigan v. N. Y., L. E. & W. R. R. Co., 131 N. Y. at page 585, 30 N. E. 58, the court say:

"In the absence of some proof on the part of the plaintiff that such a rule was in operation by other roads or of persons possessing peculiar skill and experience in the management and operation of railroads to the effect that such a rule was necessary or practicable under the circumstances, or unless the necessity and propriety of making and promulgating such a rule was so obvious as to make the question one of common experience and knowledge, the court is not warranted in submitting such a question to the jury."

I think therefore that the court should have charged the defendant's request:

"If at that time when Mr. Geoffrey opened the door and imperfectly closed it, if such is found to be the case, the piece of pipe rolled down the elevator shaft, that then the defendant is not liable."

The judgment must be reversed, and a new trial must be granted; costs to abide the event.

BURR and CARR, JJ., concur. THOMAS, J., dissents. RICH, J., takes no part.